UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:25-cv-00281

*consolidated with* No. 6:25-cv-00417

**Kimberly Banfield Foreman,**
*Plaintiff,*

v.

**BMW Financial Services NA, LLC, et al.,**
*Defendants.*

# ORDER

Plaintiff filed civil action no. 6:25-cv-00281 asserting state law claims concerning a retail installment contract with defendants. Complaint, *Foreman v. BMW Fin. Servs. NA (Foreman I)*, No. 6:25-cv-00281 (E.D. Tex. July 29, 2025), Doc. 1. Plaintiff filed a second action asserting the same claims, civil action no. 6:25-cv-00417, in state court and defendants removed to this court. Notice of Removal, *Foreman v. BMW Fin. Servs. NA (Foreman II)*, No. 6:25-cv-00417 (E.D. Tex. Oct. 21, 2025), Doc. 1. The cases were referred to a magistrate judge. Due to the common issues of law and fact, the court consolidated the two cases on October 28, 2025. *Foreman I*, Doc. 18; *Foreman II*, Doc. 6.

The magistrate judge issued a report recommending that defendant's motion to dismiss be granted and that the complaint be dismissed with prejudice for failure to state a claim. *Foreman I*, Doc. 13 at 5. Plaintiff filed a motion to dismiss for lack of subject matter jurisdiction and a motion to remand. *Foreman I*, Docs. 15, 20. The court construes those motions as written objections.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th

Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

Plaintiff's motions, construed as objections, fail to address the substantive findings in the report that she has not stated a viable claim. Instead, plaintiff asserts a lack of subject matter jurisdiction. *Foreman I*, Docs. 15 at 2, 20 at 2. The objections do not allege facts showing that the parties are citizens of the same state or that the amount in controversy is deficient. Thus, the court has diversity jurisdiction under 28 U.S.C. § 1332. To be sure, each complaint asserts diverse citizenship and amounts in controversy totaling $10,500,000 and $12,500,000, respectively. *Foreman I*, Doc. 1 at 1–2, 4; *Foreman II*, Doc. 1-3 at 4, 7–8.

Having reviewed the magistrate judge's report de novo, and being satisfied that there is no error, the court overrules plaintiff's objections and accepts the report's findings and recommendations. The court grants the motion to dismiss (Doc. 8) and dismisses *Foreman I*, No. 6:25-cv-00281, with prejudice. "After consolidation . . . a court may conclude that the second duplicative lawsuit should be dismissed. This Court so finds." *Friends of the Earth, Inc. v. Crown Cent. Petrol. Corp.*, 1995 WL 17133045, at *4 (E.D. Tex. Sep. 22, 1995) (cleaned up) (citing *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)). The court dismisses *Foreman II*, No. 6:25-cv-00417, with prejudice. Any pending motions in either action are denied as moot.

*So ordered by the court on November 18, 2025.*

J. Campbell Barker
United States District Judge